# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LARRY TRENT ROBERTS, | : | Civil No. 1:21-CV-01140 |
| Plaintiff, | : | |
| v. | : | |
| DAVID LAU, Detective, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Before the court are two motions to dismiss the complaint filed by Defendants John Baer, Assistant District Attorney ("ADA Baer"), and the City of Harrisburg. (Docs. 27, 34.) For the following reasons, the court will deny ADA Baer's motion to dismiss, but will grant the City of Harrisburg's motion to dismiss without prejudice to Plaintiff filing an amended complaint as to Count V.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

According to the complaint, Plaintiff, Larry Trent Roberts ("Roberts"), "was unjustly targeted, arrested, and convicted for a crime he did not commit" which resulted in him serving 13 years of a life sentence before he was acquitted in 2019. (Doc. 1, ¶¶ 1, 9.) Specifically, Roberts claims that he was unjustly convicted for the alleged murder of Duwan Stern in 2005. (*Id.* ¶¶ 9, 13.) Roberts alleges, inter alia, that in order to secure his conviction for this charge, Defendant David Lau ("Lau"), a detective with the Harrisburg City Police Department, and ADA Baer conspired to fabricate evidence against him during the investigation and

1

prosecution of this criminal case. (*Id.* ¶¶ 116–19, 126–29.) Roberts asserts, in pertinent part, that Lau and ADA Baer fabricated evidence by "[k]nowingly influencing, enticing, and coercing an inculpatory statement from Layton Potter: a jailhouse snitch, who lacked any credibility, whose statement could not be corroborated, and was only concerned with benefiting himself." (*Id.* ¶¶ 117, 127.) In addition, Roberts contends that the City of Harrisburg failed to maintain any policy or training regarding the information required for an affidavit of probable cause, which contributed to the deprivation of Roberts' constitutional rights. (*Id.* ¶¶ 131–32.)

On the basis of these facts, Roberts filed a six-count complaint on June 28, 2021, alleging claims for fabrication of evidence, conspiracy to violate civil rights, and municipal liability as to ADA Baer and the City of Harrisburg. (*Id.*) Roberts also sets forth claims for malicious prosecution under state and federal law, fabrication of evidence, withholding of exculpatory material, and conspiracy to violate civil rights against Lau. (*Id.*) On September 13, 2021, ADA Baer filed one of the instant motions to dismiss accompanied by a supporting brief. (Docs. 27, 28.) Roberts filed a brief in opposition on October 8, 2021. (Doc. 33.) On October 18, 2021, the City of Harrisburg filed the second of the instant motions to dismiss accompanied by a supporting brief. (Docs. 34, 35.) Roberts filed a brief in opposition on November 1, 2021. (Doc. 38.) Defendants timely filed reply briefs

for their respective motions.  (Docs. 37, 40.)  Accordingly, the motions are ripe for disposition.[1]

## JURISDICTION AND VENUE

The court has federal question jurisdiction over the complaint as it asserts claims under 42 U.S.C. § 1983.  *See* 28 U.S.C. § 1331.  Venue is appropriate because all actions detailed in the amended complaint occurred within the Middle District of Pennsylvania.

## STANDARD OF REVIEW

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Twombly*, 550 U.S. at 556).  "Conclusory allegations of liability are insufficient" to survive a motion to dismiss.  *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79).  To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than

---

[1] Lau filed an answer to the complaint on October 18, 2021.  (Doc. 36.)

conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

## DISCUSSION

ADA Baer and the City of Harrisburg's motions to dismiss seek dismissal of all claims against them in the complaint; specifically, Counts II, IV, and V for fabrication of evidence, civil rights conspiracy to violate Roberts' Fourth and Fourteenth Amendment rights, and municipal liability, respectively. Counts II and IV are asserted against ADA Baer and Lau, and Count V is asserted against the City of Harrisburg. (*See* Doc. 1.)

**A. ADA Baer's Motion to Dismiss Will be Denied. (Doc. 27.)**

ADA Baer seeks to have Roberts' claims for fabrication of evidence and conspiracy to violate civil rights dismissed because he asserts that he is entitled to absolute immunity from suit under 42 U.S.C. § 1983. (Doc. 28, pp. 10–15.)[2]

Section 1983 "provides that every person who acts under color of state law to deprive another of a constitutional right shall be answerable to that person in a suit for damages." *Imbler v. Pachtman*, 424 U.S. 409, 417 (1976) (cleaned up). However, the statute does not "abolish wholesale all common-law immunities[.]" *Burns v. Reed*, 500 U.S. 478, 484 (1991). Instead, certain officials are entitled to

---

[2] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

"absolute protection from damages liability" as a result of the "special functions" they perform. *Fogle v. Sokol*, 957 F.3d 148, 158 (3d Cir. 2020). State prosecutors are one such category of officials due to their function within the judicial process. *See Imbler*, 424 U.S. at 430–31.

However, "[a] prosecutor bears the 'heavy burden' of establishing entitlement to absolute immunity." *Odd v. Malone*, 538 F.3d 202, 207 (3d Cir. 2008) (quoting *Light v. Haws*, 472 F.3d 74, 80–81 (3d Cir. 2007)). As a general rule, "[m]ost public officials[, such as prosecutors,] are entitled only to qualified immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 268 (1993) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982)); *see also Burns*, 500 U.S. at 486–87 ("The presumption is that qualified rather than absolute immunity is sufficient to protect government officials in the exercise of their duties."); *Odd*, 538 F.3d at 207–08 ("In light of the Supreme Court's 'quite sparing' recognition of absolute immunity to § 1983 liability, we begin with the presumption that qualified rather than absolute immunity is appropriate.") (quoting *Carter v. City of Philadelphia*, 181 F.3d 339, 355 (3d Cir. 1999)). Prosecutors may nevertheless qualify for absolute immunity when he or she functions as the state's advocate when performing the action in question. *Yarris v. County of Delaware*, 465 F.3d 129, 136 (3d Cir. 2006). This inquiry is concerned with "the nature of the function performed, not the identity of the actor who performed it." *Light*, 472 F.3d at 78.

The Supreme Court has explained that prosecutors are absolutely "immune from a civil suit for damages" for "activities [] intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430–31 (1976). In other words, a prosecutor enjoys absolute immunity for "all actions performed in a quasi-judicial role," such as "soliciting . . . testimony from witnesses in grand jury proceedings and probable cause hearings," "initiating a prosecution," "preparing for the initiation of judicial proceedings or for trial, conducting a trial, and presenting evidence to a judge." *Burns*, 500 U.S. at 479, 491–92; *Light*, 472 F.3d at 77; *Kulwicki v. Dawson*, 969 F.2d 1454, 1463, 1465 (3d Cir. 1992); *Imbler*, 424 U.S. at 431; *see also Fogle*, 957 F.3d at 159 ("Th[e] functional test separates advocacy from everything else[.]"). In contrast, absolute immunity does not apply "to administrative or investigatory actions unrelated to initiating and conducting judicial proceedings." *Odd*, 538 F.3d at 208. Indeed, the Court has explained that: "[w]hen a prosecutor performs the investigative functions normally performed by a detective or police officer, it is neither appropriate nor justifiable that, for the same act, immunity should protect the one and not the other." *Kalina v. Fletcher*, 522 U.S. 118, 126 (1997) (internal quotation marks and citations omitted).

The Court of Appeals for the Third Circuit has firmly rejected the notion that bright-line rules can be drawn regarding the prosecutor's role. *Fogle*, 957 F.3d at 160 ("[W]hile it is tempting to derive bright-line rules from [precedent], we have

6

cautioned against such categorical reasoning to preserve the fact-based nature of the inquiry."); *see also Odd*, 538 F.3d at 210 (rejecting "bright-line rules that would treat the timing of the prosecutor's action (e.g. pre-or post[-]indictment), or its location (i.e. in-or out-of-court), as dispositive").  Thus, the applicability of absolute immunity turns on the specific facts in the case.  *Weimer v. County of Fayette*, 972 F.3d 177, 187 (3d Cir. 2020).  While courts "tend to discuss prosecutorial immunity based on alleged acts, our ultimate analysis is whether a defendant has established absolute prosecutorial immunity from a given claim." *Id.* (quoting *Fogle*, 957 F.3d at 161).

Roberts' claims against ADA Baer stem from a single act, which Roberts characterizes as follows: seeking out, "[k]nowingly influencing, enticing, and coercing an inculpatory statement from Layton Potter: a jailhouse snitch, who lacked any credibility, whose statement could not be corroborated, and was only concerned with benefiting himself."  (Doc. 1, ¶ 117; *see also* ¶ 127.)  Rather than merely preparing Potter for trial, the complaint asserts that ADA Baer took steps to seek out, influence, and coerce Potter to make a statement that could be used against Roberts to formulate a motive for Roberts' alleged actions.  Thus, Roberts alleges that ADA Baer "played 'the detective's role' to 'search[] for the clues and corroboration'" necessary to convict Roberts.  *Fogle*, 957 F.3d at 162 (quoting *Buckley*, 509 U.S. at 273).  The Third Circuit has plainly stated that these acts "do

7

not enjoy absolute immunity." *Id.* at 162–63 (a prosecutor who "investigat[es] the theory of his case by 'searching for . . . clues[]'" is not entitled to absolute immunity) (quoting *Buckley*, 509 U.S. at 273).  Accepting the facts alleged as true and drawing all inferences in favor of Roberts, ADA Baer has not carried his burden to demonstrate that he is entitled to absolute immunity for his alleged conduct at this stage.[3]  Therefore, the court will deny his motion to dismiss.

**B. The City of Harrisburg's Motion to Dismiss Will be Granted Without Prejudice to Roberts Amending his Complaint as to Count V.  (Doc. 34.)**

Roberts asserts a claim for municipal liability based on both a "deliberate indifference theory" and a "failure to train" theory.  (Doc. 1, ¶¶ 131–32.)  The City of Harrisburg asserts that Roberts has failed to state a viable claim under *Monell*[4] because Roberts' allegations are conclusory and do not include the necessary factual predicates to support the claim.[5]  (Doc. 35, pp. 7–8.)

---

[3] In making this finding, the court does not opine on the question of whether qualified immunity would shield ADA Baer from liability in this case.  *See Yarris*, 465 F.3d at 139 ("Prosecutors who are not entitled to absolute immunity from a plaintiff's claims may nonetheless be entitled to qualified immunity from those same claims.") (citing *Imbler*, 424 U.S. at 430–31).  Indeed, ADA Baer has not argued in his motion to dismiss that qualified immunity would be appropriate in this case.

[4] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

[5] In response, Roberts asserts that the factual allegations in the complaint were based on certain discovery responses from the City of Harrisburg, namely, the Harrisburg Police Department "Criminal Investigation Division Standard Operational Manual," the Harrisburg Police Department "Field Training and Evaluation Manual," and the City's representation to Roberts' counsel that it did not have any "record of investigative reports, commissioner memorandums, or executive summaries related to the suppression of evidence."  (Doc. 38, pp. 6–7.)  Roberts

A municipality can be liable for constitutional injuries under § 1983 when "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978). The plaintiff must show that the municipality was the "moving force behind the alleged injury. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Board of the County Comm'rs v. Brown*, 520 U.S. 397, 404 (1997).

A plaintiff can proceed with a § 1983 claim against a municipality in two ways. First, he can allege that a policy or custom caused his injury. Second, he can allege that a failure by the municipality that reflects a "deliberate or conscious choice" caused his injury. *Forrest v. Parry*, 930 F.3d 93, 105 (3d Cir. 2019). These two avenues are distinct, and require different evidentiary showings.

On this score, the Third Circuit has explained that:

> Plaintiffs that proceed under a municipal policy or custom theory must make showings that are not required of those who proceed under a failure or inadequacy theory, and vice versa. Notably, an unconstitutional municipal policy or custom is necessary for the former theory, but not for the latter, failure or inadequacy theory. This difference can be significant because a plaintiff presenting an

---

attached these discovery documents to his opposition to the City's motion to dismiss. (*See* Doc. 38-1; Doc. 38-2; Doc. 38-3.) Since these documents were not attached to the complaint, the court does not consider them in ruling on the instant motion to dismiss.

unconstitutional policy must point to an official proclamation, policy or edict by a decisionmaker possessing final authority to establish municipal policy on the relevant subject. And, if alleging a custom, the plaintiff must evince a given course of conduct so well-settled and permanent as to virtually constitute law. On the other hand, one whose claim is predicated on a failure or inadequacy has the separate, but equally demanding requirement of demonstrating a failure or inadequacy amounting to deliberate indifference on the part of the municipality. This consists of a showing as to whether (1) municipal policymakers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights.

*Id.* at 105–06 (internal citations omitted).

In this case, Roberts alleges that the City of Harrisburg failed to maintain a policy or audit its detectives regarding information that should be included in affidavits of probable cause. (Doc. 1, ¶¶ 64, 66.) Thus, Roberts proceeds on a "deliberate or conscious choice" theory.

A municipality can also be held liable for constitutional torts if there exists a "failure to train [that] amounts to deliberate indifference to the rights of persons with whom the municipal employees come into contact." *Reitz v. Cty. of Bucks*, 125 F.3d 139, 145 (3d Cir. 1997). To succeed on a failure to train claim, a plaintiff "must identify a failure to provide specific training that has a causal nexus with their injuries and must demonstrate that the absence of that specific training can reasonably be said to reflect a deliberate indifference to whether the alleged constitutional deprivations occurred." *Id.*

The Third Circuit has adopted a three-prong test to determine when a municipality's failure to train amounts to deliberate indifference:

> [I]n order for a municipality's failure to train or supervise to amount to deliberate indifference, it must be shown that (1) municipal policymakers know that employees will confront a particular situation; (2) the situation involves a difficult choice or a history of employees mishandling; and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights.

*Carter*, 181 F.3d at 357.

Regardless of which theory of recovery a plaintiff pursues for municipal liability, courts have held that

> A plaintiff claiming a constitutional violation against a municipality under § 1983 must demonstrate a "showing" of entitlement to relief, more than a mere "blanket assertion" or conclusory allegation. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). Plaintiffs must plead facts which demonstrate that Defendants are responsible either for enacting, implementing, or widespreadly engaging in a practice which constitutes or causes a constitutional violation. *See id.* We have previously held that a complaint that merely states the standard for municipal liability under § 1983, without more, is insufficient to survive a *Monell* challenge. *See Heilman v. T.W. Ponessa & Assocs.*, No. 4:07-cv-1308, 2008 U.S. Dist. LEXIS 6875, at *42–43 (M.D. Pa. Jan. 30, 2008).

*Kennedy v. Sch. Dist. of Leb.*, No. 1:11-cv-382, 2011 U.S. Dist. LEXIS 157416, at *25 (M.D. Pa. Dec. 21, 2011).

In his complaint, Roberts alleges the following, which he asserts supports his claim for municipal liability against the City of Harrisburg:

> 131. The City of Harrisburg, by and through its policymakers operated the Harrisburg Police Department without a policy which instructs its

detectives regarding the information which must be included within Affidavits of Probable Cause.

132. The City of Harrisburg, by and through its policymakers operated the Harrisburg Police Department without any training regarding the constitutional obligations of detectives when completing Affidavits of Probable Cause.

133. The need for policies and training related to the creation of affidavits of probable cause is obvious because it is a request to use state authority to deny citizens of their liberty.

134. The risk of constitutional violations occurring where a city maintains no policies or training related to the creation of affidavits of probable cause is obvious and severe.

135. The ongoing failure [of] the City of Harrisburg, by and through its policymakers, to implement policies to protect the constitutional rights of its citizens constitutes deliberate indifference.

136. The ongoing failure of the City of Harrisburg, by and through its policymakers, to implement policies or training related to the creation of affidavits of probable cause was a moving force behind the deprivation of Mr. Roberts' constitutional rights.

(Doc. 1, ¶¶ 131–36; *see also id.* ¶¶ 64–66.)

The court finds that Roberts has done nothing more than insert the City of Harrisburg into a formulaic recitation of the elements for municipal liability based on deliberate indifference and failure to train theories, resulting in conclusory allegations that are factually unsupported.[6] Since it is clear that "a complaint that merely states the standard for municipal liability under § 1983, without more, is

---

[6] The court makes this conclusion without considering the discovery that Roberts has received since none of the information in these documents was included in the complaint.

insufficient to survive a *Monell* challenge," the court will grant the motion to dismiss without prejudice to Roberts filing an amended complaint as to Count V. *Kennedy*, 2011 U.S. Dist. LEXIS 157416, at *25.

## CONCLUSION

For the foregoing reasons, the court will deny ADA Baer's motion to dismiss, but will grant the City of Harrisburg's motion to dismiss without prejudice to Plaintiff filing an amended complaint as to Count V.  (Docs. 27, 34.)  An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: July 11, 2022