# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LARRY TRENT ROBERTS, | : | Civil No. 1:21-CV-01140 |
| Plaintiff, | : | |
| v. | : | |
| DAVID LAU, Detective, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## **ORDER**

On July 11, 2022, this court issued an order granting the motion to dismiss filed by Defendant City of Harrisburg and denying the motion to dismiss filed by Defendant ADA Baer ("ADA Baer"). (Doc. 50.) On July 21, 2022, ADA Baer appealed that decision to the Third Circuit Court of Appeals. (*See* Doc. 51.) The court then issued a show cause order directing Plaintiff to show cause why this case should not be stayed pending the appeal. (Doc. 53.) Plaintiff responded to the show cause order on August 2, 2022, asserting that Plaintiff has a strong interest in the timely adjudication of his claims. Plaintiff asserts that the injustice he is seeking to remedy began over 15 years ago and he has not yet been able to conduct discovery. He argues that the burden to ADA Baer of engaging in discovery is the same burden he would have regardless of the outcome of his interlocutory appeal. (Doc. 55, p. 4.) Thus, Plaintiff opposes a stay of discovery pending the outcome of ADA Baer's appeal. (*Id.*)

Upon review of Plaintiff's response, the court ordered Defendants to file a response. (Doc. 57.) Defendants Detective Lau and City of Harrisburg (collectively, "the Harrisburg Defendants") responded and argued that immunity defenses should be resolved at the earliest possible stage of litigation to avoid undue burdens of litigation. (Doc. 61, p. 3.) Further, the Harrisburg Defendants argue that even though ADA Baer will be required to engage in some amount of discovery even if he is entitled to immunity, the potential burden as a party could differ significantly than the potential burden as a non-party and that courts strongly favor staying discovery in these instances. (*Id.* at 4.) Finally, the Harrisburg Defendants contend that a stay in the proceedings would promote judicial economy and efficiency by preventing duplicative filings and piecemeal litigation, as an amended complaint was filed after the court's July 11, 2022 order and there has already been an answer filed by Detective Lau and a motion to dismiss filed by Defendant City of Harrisburg. (*Id.* at 5.)

ADA Baer also filed a response arguing that a district court should stay proceedings when there is an appeal relating to absolute or qualified immunity because allowing the case to proceed in spite of the appeal would defeat the entire purpose of absolute immunity if ADA Baer is required to continued defending himself against the claims from which he contends he is immune. (Doc. 60, pp. 3–4.) ADA Baer asserts that it would be fruitless to file a motion to dismiss the

amended complaint raising the same grounds, but filing an answer to the complaint may waive his absolute immunity arguments. (*Id.* at 4–5.) ADA Baer sets forth similar arguments as the Harrisburg Defendants as they relate to the potential discovery burden. (*Id.* at 9–10.) Finally, ADA Baer asserts that if the court declines to stay proceedings as a whole, proceedings and discovery should be stayed as to ADA Baer.

It is well established that district courts retain broad discretionary powers to stay the matters before them. *Bechtel Corp. v. Local 215, Laborers' Int'l Union*, 544 F.2d 1207, 1215 (3d Cir. 1976) (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254–55 (1936)). A district court's authority to stay proceedings is "incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* (quoting *Landis*, 299 U.S. at 254–55.) "[A] district court may properly consider the 'conservation of judicial resources and comprehensive disposition of litigation,' and attempt to avoid duplicating a proceeding already pending in a federal district court." *Complaint of Bankers Trust Co. v. Chatterjee*, 636 F.2d 37, 40 (3d Cir. 1980) (quoting *Kerotest Mfg Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)). Furthermore, a stay must be granted when a non-frivolous assertion of absolute immunity is raised in an interlocutory appeal. *Forsyth v. Kleindienst*, 700 F.2d 104, 105 (3d Cir. 1983).

In order to conserve judicial resources and avoid duplicative litigation, and because ADA Baer's absolute immunity argument is not frivolous, **IT IS ORDERED THAT** this case is **STAYED** pending the Third Circuit's resolution of ADA Baer's appeal of the denial of the motion to dismiss on absolute immunity grounds.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: September 13, 2022